**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MANUEL ANDILEMA, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*
               Plaintiff,

v.

AVENUE A CANDY LLC.
    d/b/a WHITMANS EAST VILLAGE,
WHITMANS WESTSIDE LLC.
    d/b/a WHITMANS HUDSON YARDS
WHITMANS 261 HUDSON LLC.
    d/b/a WHITMANS SOHO,
WHITMANS TIMES SQUARE LLC.
    d/b/a WHITMANS CITY KITCHEN
LAWRENCE KRAMER and
CRAIG KOENIG,

               Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, MANUEL ANDILEMA (herein, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, AVENUE A CANDY LLC. d/b/a WHITMANS EAST VILLAGE, WHITMANS WESTSIDE LLC. d/b/a WHITMANS HUDSON YARDS, WHITMANS 261 HUDSON LLC. d/b/a WHITMANS SOHO, WHITMANS TIMES SQUARE LLC. d/b/a WHITMANS CITY KITCHEN, LAWRENCE KRAMER and CRAIG KOENIG,

1

("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) unpaid spread of hours premium, (4) liquidated damages, (5) statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, MANUEL ANDILEMA, is a resident of Queens County, New York.

5. Defendants own and operate a restaurant enterprise throughout New York City at the following locations:

   a. Whitmans East Village – 406 E 9th Street, New York, NY 10009;

   b. Whitmans Hudson Yards – 331 10th Avenue, New York, NY 10001;

   c. Whitmans Soho – 261 Hudson Street, New York, NY 10013; and

   d. Whitmans City Kitchen – 700 8th Avenue, Second Floor, New York, NY 10036

(together, the "Restaurants").

Specifically, the Restaurants are or were engaged in related activities, shared common ownership and had a common business purpose. The Restaurants are commonly owned through the common control of Individual Defendants LAWRENCE KRAMER and CRAIG KOENIG. The Restaurants operate under the same tradename and serve similar items. The Restaurants are advertised and marketed jointly on the website whitmansnyc.com. In addition, employees work interchangeably between the Restaurants.

6. Defendants operate the Restaurants through the following Corporate Defendants:

(a) Corporate Defendant AVENUE A CANDY LLC. d/b/a WHITMANS EAST VILLAGE is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 406 E 9th Street, New York, NY 10009 and an address for service of process located at c/o National Registered Agents, Inc., 28 Liberty Street, New York, NY, 10005. Defendants operate Whitmans East Village through Corporate Defendant AVENUE A CANDY LLC. Individual Defendants are the owners of AVENUE A CANDY LLC. d/b/a WHITMANS EAST VILLAGE.

(b) Corporate Defendant WHITMANS WESTSIDE LLC. d/b/a WHITMANS HUDSON YARDS is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 331 10th Avenue, New York, NY 10001 and an address for service of process located at 406 E 9th Street, New York, NY, 10009. Defendants operate Whitmans Hudson Yards through Corporate Defendant WHITMANS

      WESTSIDE LLC. Individual Defendants are the owners of WHITMANS WESTSIDE LLC. d/b/a WHITMANS HUDSON YARDS.

(c)     Corporate Defendant WHITMANS 261 HUDSON LLC. d/b/a WHITMANS SOHO, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 261 Hudson Street, New York, NY 10013. Defendants operate Whitmans Soho through Corporate Defendant WHITMANS 261 HUDSON LLC. Individual Defendants are the owners of WHITMANS 261 HUDSON LLC. d/b/a WHITMANS SOHO.

(d)     Corporate Defendant WHITMANS TIMES SQUARE LLC. d/b/a WHITMANS CITY KITCHEN is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 700 8th Avenue, Second Floor, New York, NY 10036 and an address for service of process located at c/o Armel Tax, 230 Fifth Avenue, Suite 1516, New York, NY 10001. Defendants operate Whitmans City Kitchen through Corporate Defendant WHITMANS TIMES SQUARE LLC. Individual Defendants are the owners of WHITMANS TIMES SQUARE LLC. d/b/a WHITMANS CITY KITCHEN.

7.     Individual Defendants:

(a)     Individual Defendant LAWRENCE KRAMER is a co-owner and principal of each of the Corporate Defendants. LAWRENCE KRAMER exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective

    Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to LAWRENCE KRAMER regarding any of the terms of their employment, and LAWRENCE KRAMER would have the authority to effect any changes to the quality and terms of employees' employment. LAWRENCE KRAMER ensured that employees effectively serve customers and that the business is operating efficiently and profitably. LAWRENCE KRAMER exercised functional control over the business and financial operations of all Corporate Defendants. LAWRENCE KRAMER had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(b) Individual Defendant CRAIG KOENIG is a co-owner and principal of each of the Corporate Defendants. CRAIG KOENIG exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to CRAIG KOENIG regarding any of the terms of their employment, and CRAIG KOENIG would have the authority to effect any changes to the quality and terms of employees' employment. CRAIG KOENIG ensured that employees effectively serve customers and that the business is operating efficiently and

profitably. CRAIG KOENIG exercised functional control over the business and financial operations of all Corporate Defendants. CRAIG KOENIG had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

8.  At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

9.  At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

10.  At all relevant times, Defendants employed at least forty (40) employees within the meaning of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.  Plaintiff bring claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, bussers, food runners, baristas, food preparers, cooks, line cooks, and dishwashers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

12.  At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper overtime. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including servers, bussers, food runners, baristas, food preparers, cooks, bartenders, and barbacks, among others) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

16.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently

within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay Class members their overtime at the statutory rate of one-and-one-half their regular rate for all hours worked over forty (40) in a workweek, (ii) failing to pay wages for all hours worked, (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

18. Defendants also failed to pay them the proper wage and overtime due to time-shaving as they failed to meet statutory requirements under the NYLL. Plaintiff suffered from Defendants' failure to pay wage and overtime for an extra hour of mandatory work before and after each shift, for a total of two (2) hours for each shift.

19. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Fonner employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who

are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

    c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

    d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

    e. Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the NYLL;

    f. Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the NYLL;

    g. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL;

h.  Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

i.  Whether Defendants paid Plaintiff and Class members the spread of hours premium for days in which their workday exceeded ten hours; and

j.  Whether Defendants properly compensated Plaintiffs and Class members their proper overtime under state law.

## STATEMENT OF FACTS

24. In or about January 2010, Plaintiff, MANUEL ANDILEMA , was hired by Defendants to work as a porter and food preparer for Defendants' Whitmans East Village restaurant, located at 406 E 9th Street, New York, NY 10009. In or around February 2016, Plaintiff was transferred to Defendants' Whitmans Hudson Yards restaurant, located at 331 10th Avenue, New York, NY 10001. Plaintiff continued to work at Defendants' Whitmans Hudson Yards restaurant until in or about May 2016.

25. During his employment at Defendants' Whitmans East Village restaurant, Plaintiff was regularly scheduled to work sixteen (16) hours per week from 10:00am to 6:00pm on Mondays and Tuesdays. However, Plaintiff was required to start work an hour before the start of his scheduled shift and required to work an hour beyond his scheduled shift. As a result, Plaintiff actually worked at least twenty (20) hours per week, from 9:00am to 7:00pm for two days of the week, but he was only paid for his scheduled hours. There was no clock-in or clock-out mechanism at Whitmans East Village. At all relevant times, Plaintiff worked without any breaks. As a result, from the start of his employment until in or around February 2016, Plaintiff was not paid for at least four (4) hours per week. After being transferred to Defendants' Whitmans Hudson Yards

11

restaurant in or about February 2016, Plaintiff was regularly scheduled to work forty-eight (48) hours per week from 8:00am to 4:00pm, from Mondays through Saturdays. Plaintiff worked without any breaks and was paid on a straight-time basis for all hours worked. FLSA Collective Plaintiffs and Class Members were required to work similar hours and were not compensated for either their overtime hours at the correct overtime rate or for all of their hours worked due to Defendants' policy of time-shaving.

26. From in or around January 2012 until in or around February 2016, Plaintiff was paid an hourly rate of $14.00 per hour, for all hours worked. From in or around February 2016 until the end of Plaintiff's employment, Plaintiff was paid an hourly rate of $15.00 per hour, for all hours worked including for hours worked in excess of forty (40) hours per week. Throughout Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for any of his overtime hours worked due to Defendants' policy of paying Plaintiff, FLSA Collective Plaintiffs, and Class members on a straight-time basis for their overtime hours worked.

27. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

28. Plaintiff and Class members did not receive proper wage statements in compliance with the NYLL. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because wage statements were either not provided, and employees were paid in cash, or Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect the number of hours worked, spread of hours and their proper compensation.

29. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hours premium to Plaintiff and Class Members for each workday exceeding ten (10) hours, in violation of the NYLL.

30. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members.

31. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked.

32. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

33. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

34. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff realleges and reavers Paragraphs 1 through 34 of this class and collective action Complaint as fully set forth herein.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

39. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

40. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' policy of time-shaving.

41. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked, including those due to Defendants' policy of time shaving.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

45.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

46.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

47.     Plaintiff realleges and reavers Paragraphs 1 through 46 of this class and collective action Complaint as fully set forth herein.

48.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

49.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper wages in the lawful amount for all hours worked.

50.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all overtime hours worked at the statutory rate of time and one-half.

51.     At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all of their hours worked, including those due to Defendants' policy of time shaving.

52.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class members at the proper minimum wage rate for call-in pay.

53.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because no proper wage statements were provided.

54.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and annually thereafter, as required under the NYLL.

55.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.    An award of unpaid wages due under the FLSA and NYLL, including those due to time shaving;

    d.    An award of unpaid spread of hours premium due under the NYLL;

    e.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages for all hours worked and overtime compensation pursuant to 29 U.S.C. § 216;

    f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages for all hours worked, overtime compensation, and spread of hours premium pursuant to the NYLL;

    g.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    h.    Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

    i.    Designation of this action as a class action pursuant to FRCP 23;

    j.    Designation of Plaintiff as Representative of the Class; and

    k.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 14, 2020

                                           Respectfully submitted,
                                           By:   /s/ C.K. Lee
                                                         C.K. Lee, Esq.

                                           LEE LITIGATION GROUP, PLLC
                                           C.K. Lee (CL 4086)
                                           Anne Seelig (AS 3976)
                                           148 West 24th Street, 8th Floor
                                           New York, NY 10011
                                           Tel.: 212-465-1188
                                           Fax: 212-465-1181
                                           *Attorneys for Plaintiff,*
                                           *FLSA Collective Plaintiff and the Class*